## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **Shanese Mignott, the natural parent, guardian** | ) | |
| **And Next friend of K.A., a minor** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Civil Action** |
| | ) | **File No. _____** |
| **DEKALB COUNTY SCHOOL DISTRICT,** | ) | |
| **and** | ) | |
| **JOHN/JANE DOES Nos. 1-4,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## COMPLAINT

**COME NOW SHANESE MIGOTT as parent, guardian, and Next friend of K.A., a minor** and file this Complaint against the Dekalb County School District and John/Jane Does Nos. 1-4, and shows this Honorable Court as follows:

## BACKGROUND/INTRODUCTION

1.     This is an action brought by Shanese Mignott, as the natural mother and guardian of K.A., a former student attending Lithonia Middle School.

2.     At the time of the incident at issue in this lawsuit K.A. was a 6th grade student attending Lithonia Middle School.

3.     At all times relevant hereto and at the time of the incident at issue in this lawsuit, K.A. had an Individualized Educational Plan (hereinafter sometimes an

"IEP") in place.

4.    K.A. is a communicatively disabled, non-verbal minor child who is autistic.

5.    Prior to the incident/issues set forth below, Plaintiff K.A. was a successful student, while challenged, was making progress toward achieving her educational goals.

## PARTIES AND NON-PARTIES

6.    Shanese Mignott (hereinafter sometimes "Ms. Mignott" or as "Plaintiff") is the natural parent, guardian, and Next Friend of K.A., a minor, and files this lawsuit on K.A.'s behalf.

7.    At all times relevant hereto, both Ms. Mignott and K.A. were residents of Dekalb County, and by the filing of this Complaint submit to the jurisdiction and venue of this Honorable Court.

8.    At all times relevant hereto, K.A. was an eleven-year-old, 6th grade student with autism and minimal comprehensive communication skills attending Lithonia Middle School (hereinafter sometimes "LMS").

9.    Lithonia Middle School is located within the Dekalb County School District (hereinafter sometimes "the District" or as the "DCSD").

10.    The Dekalb County Board of Education (hereinafter sometimes "the Dekalb County BOE" or simply as "the DCBOE") is the governing body of and has the

power and duty to govern and oversee the management of the public schools of the

Dekalb County School District (O.C.G.A. § 20-2-59), including Lithonia Middle

School, and delineates and delegates specific duties to the Dekalb County School

District and its Superintendent.

11.    The Dekalb County BOE is responsible for, among other things:

    a.    enacting policies;

    b.    selecting, hiring, and evaluating the Superintendent of Schools;

    c.    developing and managing the Dekalb County School District's budget;

    d.    ensuring compliance by the Dekalb County School District with local,

        state, and federal regulations;

    e.    with the Superintendent and staff, establishing policies to strengthen

        the academic achievement of all students within the school district

12.    The Chairperson of the Dekalb County Board of Education is Diijon DaCosta

(hereinafter sometimes "Mr. DaCosta").

13.    Defendant Dekalb County School District (hereinafter sometimes the

"DCSD") is a public educational institution located in Dekalb County, Georgia and

is headquartered at 1701 Mountain Industrial Blvd. and while reasonably believe to

be located in unincorporated Dekalb County, has its mailing address listed as Stone

Mountain, Georgia 30083.

14.    The Dekalb County School District is responsible, among other things for:

a.    Establishing, implementing, and/or enforcing policies and procedures for public schools located within the Dekalb County School District;

b.    Training, supervising, and/or disciplining its employees, including its administrators, executives, principals, teachers and/or other professionals and paraprofessionals assigned to Dekalb County School District public schools;

c.    Implementing policies and procedures, customs and/or practices that are applicable to constitutional, statutory, and civil rights of students attending Dekalb County School District public schools;

d.    Training, supervising and/or disciplining employees, educators, principals, teachers and/or other professionals and paraprofessionals assigned to Dekalb County School District public schools to ensure the safety and welfare of all students enrolled at its public schools,

15.    Dr. Devon Horton (hereinafter sometimes referred to herein as "Dr. Horton" or as "the Superintendent") is the Superintendent of the Dekalb County School District.

16.    At all times relevant hereto, Dr. Horton acted in his individual and official capacities; worked within the County of Dekalb; and was an agent/employee of the School District who, at times relevant hereto, acted and failed to act within the scope,

course, and authority of his employment.

17.     The Plaintiff reasonably believes the Dekalb County School District to be the 3rd largest school district in the State of Georgia, overseeing approximately 125+ public schools having a combined enrollment of approximately 90,000 students, among which is Lithonia Middle School.

18.     Defendant Dekalb County School District can be properly served in this action by delivering a Summons and Complaint to the Superintendent of the Dekalb County School District at its' offices located at 1701 Mountain Industrial Blvd, Stone Mountain, Georgia 30083.

19.     Lithonia Middle School is a public school located at 2451 Randall Avenue in Lithonia, Georgia, and is one of the schools in the public-school system established, operated, and maintained by the Dekalb County School District.

20.     At all times relevant hereto Ms. Tracy Harrell (hereinafter sometimes "the principal" or as "Ms. Harrell") was the principal of Lithonia Middle School.

21.     John/Jane Does Nos. 1- 3, are as yet to be identified with certainty and are reasonably believed by the Plaintiff to be employees and/or teachers and/or individuals, licensed and/or non-licensed, professionals and/or para-professionals[1] who were, at the time of the incident at issue, employed and/or utilized by the Dekalb

---

[1] For purposes of this Complaint, the term "para-professional" or "paraprofessional" shall mean, "a trained individual who assists professionals, including such professionals as teachers and educators.

County School District to work at the Lithonia Middle School, and were responsible, in whole or in part, for the care, safety, supervision and monitoring of K.A.

22.    The Plaintiff reasonably believes John Doe No. 4 to be a student attending Lithonia Middle School at the time of the incident at issue, and further believes said John Doe No. 4 to be the assailant of K.A.

23.    All John/Jane Does, upon being identified with certainty, may be added as party-defendants to this action and can be properly served in this action by delivering a Summons and Complaint to each at his or her residence, or wherever he or she may be located in the State of Georgia.

## JURISDICTION AND VENUE

24.    This Honorable Court has jurisdiction over this civil matter because it arises, among other causes of action, under the Constitution of the United States and involves matters of federal law pursuant to 28 U.S.C. § 1331, specifically as to certain claims enumerated herein.

25.    This Honorable Court has personal jurisdiction over Defendant Dekalb County School District because Defendant Dekalb County School District is located and regularly conducts business in the jurisdiction and because the conduct giving rise to this cause of action occurred in the Northern District of Georgia.

26.    This Honorable Court also has subject matter jurisdiction pursuant to 28

U.S.C. § 1343, which gives District Courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

27.    This Honorable Court has supplemental jurisdiction over Defendant Dekalb County School District because Plaintiff's claims arise out of the same nucleus of operative facts and form part of the same case or controversy as Plaintiff's federal claims.

28.    Plaintiff brings this action as to Defendant Dekalb County School District, among other claims, to redress a hostile educational environment and claims pursuant to (i) Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a); as well as claims related to (ii) general negligence and gross negligence; negligence/gross negligence under O.C.G.A. § 51-3-1; negligence as to hiring, training and supervision; violation of Section 504 of the Rehabilitation Act of 1973; violation of 42 U.S.C. § 1983; and liability for attorney's fees and costs of litigation

§ under 42 U.S.C. § 1988, all as more fully set forth herein.

## VENUE

29.     Venue as to all parties, is proper in the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because Defendant Dekalb County School District is located within such Judicial District and the events and omissions giving rise to the Complaint occurred within this District.

## PRE-SUIT NOTIFICATIONS

30.     Attached hereto as Exhibit "A," is a copy of the pre-suit notice of claim dated April 6, 2024, presented to:

- Dr. Devon Horton, Superintendent of the School District;

- Marissa Key, Title IX Coordinator for the School District;

- Diijon DaCosta, Sr., Chair of the Dekalb County School District;

- Mrs. Tracy Harrell, principal, Lithonia Middle School; and

- the Georgia Department of Administrative Services, Risk Management Division.

31.     Attached hereto as Exhibit "B" are receipts for the pre-suit notices of Claim sent to the immediately above identified individuals and entities.

## FACTS

32.     K.A., born on March 28, 2012, was at the time of the incident at issue a minor

and is, as of the date of the filing of this Complaint, a minor.

33.     At all times relevant hereto, K.A. was diagnosed with autism spectrum disorder, and, among other disabilities she suffered, was being communicatively and intellectually disabled.

34.     The impairments of K.A. substantially limited her ability to engage in numerous life activities, and most importantly here, her inability to communicate and interact with others.

35.     As a direct result of K.A.'s disabilities, K.A. was eligible to receive and did receive public special educational services.

36.     At all times relevant hereto, K.A. had an Individualized Education Plan or "IEP."

37.     An IEP is a written plan that provides special educational services to support a child's unique needs designed to help children like K.A. succeed within school, educational opportunities and in life.

38.     K.A.'s IEP provided, in pertinent part:

- that K.A.'s Primary Exceptionality was Autism;

- that K.A. needed assistance at times when standing up;

- that K.A. walks along the wall when moving through the building;

- that K.A. struggles with balance and motor functions; and

- that K.A. has limited abilities with respect to her communication skills; all of which are demonstrative to teachers and those responsible for the monitoring and supervision of K.A., that K.A. was a vulnerable individual with special needs.

39.   This action is based, in part, on various tortious acts, failures to act, and tortious misconduct on the part of the Dekalb County School District as set forth in the Official Code of Georgia, as well as claims involving violations of K.A.'s federally protected civil rights.

40.   On February 28, 2024, K.A.'s mother received a call from Ms. Dewonda Chambers (hereinafter sometimes "Ms. Chambers"), reasonably believed by the Plaintiff to be the 6th grade Assistant Principal at Lithonia Middle School, who advised Ms. Mignott that a 'situation' had occurred involving her daughter, K.A. and another unidentified student.

41.   Ms. Chambers explained to K.A.'s mother that, after P.E. (physical education) class, the teachers realized K.A. had gone missing; was not in her assigned classroom; and could not be located.

42.   Ms. Chambers further advised Ms. Mignott that 'two paraprofessionals should have been supervising K.A.'

43.   Ms. Chambers further advised Ms. Mignott that one of the teachers found K.A. and a 14-year-old, 8th grade male student in a hallway, adjacent to the gym.

44.     Ms. Chambers further advised Ms. Mignott that when K.A. was finally located by the unidentified teacher/individual, K.A. was observed by that teacher/individual to be engaging in sexual intercourse with a 14-year-old student (John Doe No. 4).

45.     Ms. Chambers informed Ms. Mignott that the sexual assault was captured on a school surveillance camera, and she (Ms. Chambers) had reviewed the footage to confirm what was observed.

46.     Upset and worried about her daughter's safety, Ms. Mignott and her partner, Devin Isom-Curry, immediately went to Lithonia Middle School to speak with school administration.

47.     After arriving at Lithonia Middle School that day Ms. Mignott spoke with Ms. Chambers, Ms. O'Neil, and a school resource officer, reasonably believed by Ms. Mignott to be Officer Marlow.

48.     Due to the fact that another minor student was involved, neither Ms. Mignott nor her life-partner, Devon Isom-Curry (hereinafter sometimes "Mr. Isom-Curry") were permitted to view the footage; however, Ms. Mignott and Mr. Isom-Curry were told that the footage did show that K.A. was 'coerced' by the older, 14-year-old male student to engage in the sexual acts captured on the video.

49.     K.A. is speech and language impaired and could not fully express how the sexual assault happened; exactly what happened during the sexual assault; or how

the sexual assault is impacting her physical or mental health or her wellbeing.

50.     At all times relevant hereto, the Dekalb County School District, Lithonia Middle School, including its administrators, executives, teachers and para-professionals (identified above as possible John/Jane Does Nos. 1, 2 and/or 3) having a responsibility or role with respect to the monitoring and supervision of K.A., were aware of K.A.'s autism, her IEP which set out the appropriate practices and policies in place to provide for her success and safety.

51.     At all times relevant hereto, the Dekalb County School District, including the administration, teaching staff and paraprofessionals having direct responsibilities and involvement with respect to K.A., knew that they were required to provide a safe, positive environment for K.A.

52.     At the time of the incident at issue in this lawsuit the Dekalb County School District, including its administrators, executives, teachers and para-professionals having a responsibility or role with respect to the monitoring and supervision of K.A., failed to promptly, properly or appropriately follow the policies, practices, procedures, and/or guidelines established by both the Georgia and the U.S. Boards of Education resulting in K.A.'s being sexually assaulted.

53.     This action is based on the negligence/gross negligence and *deliberate indifference* on the part of the Dekalb County School District, including the actions

and inactions of its administrators, executives, paraprofessionals, and persons in authority having any oversight responsibility as to K.A.

54.    This action is also based by the creation of a clearly hostile environment for students by the Dekalb County School District and its maintenance of such an environment; more particularly in this instance, an unsafe environment for students, particularly those with disabilities, including specifically K.A., thereby denying K.A. lawful access to educational opportunities.

55.    This action sets forth, among other allegations, violations of the Dekalb County School District's administrative obligations created under Title IX and the denial of equal protection of the laws under the Fourteenth Amendment to the U.S. Constitution.

56.    It is Plaintiff's position, as to and on behalf of K.A., that school officials, including its' administrators, executives, teachers, and both licensed and non-licensed personnel and para-professionals having a responsibility or role with respect to the monitoring and supervision of K.A., had little, if any, training or experience with respect to an inherent responsibility to properly monitor and supervise K.A. and other similarly situated students with disabilities.

57.    Among other things in the Dekalb County School District's purview of knowledge at the time of the incident at issue, was the fact that in approximately

November, 2014, it reached an agreement (hereinafter sometimes the "November 2014 Agreement") with the United States Department of Justice, Civil Rights Division, Educational Opportunities Section and the United States Attorney's Office for the Northern District of Georgia to 'enhance the District's ability to prevent and respond to peer-on-peer harassment…' which, among other things, assisted in making the Dekalb County School District more aware of 'peer-on-peer' harassment, bullying and peer-on-peer assaults.

58.    As early as November 2014, the Dekalb County School District agreed to 'review and, where appropriate, revise all District-wide policies, regulations, procedures, and protocols related to discrimination, harassment, bullying, and student discipline' and, among other things, 'establish Administrative Regulations for how harassment and bullying complaints and referrals are submitted, reviewed, and tracked for investigation and resolution' and 'eliminate any hostile environments' and take action to take effective steps to prevent any recurrence of harassment'.   (A copy of the Agreement is attached as Exhibit "C")

59.    At all times relevant hereto and as early as 1998 Dekalb County School District was aware that in 1998, the U.S. Supreme Court stated: "[t]he number of reported cases involving sexual harassment of students in schools confirms that harassment unfortunately is an all too often aspect of the educational experience."

*Gebser b. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 292 (1998).

60.    At all times relevant hereto and as early as 1999 Dekalb County School District was aware that the U.S. Supreme Court determined that schools may be held liable in private Title IX actions for monetary damages when they are deliberately indifferent to student-against-student sexual misconduct and harassment. *See Davis v. Monroe Cnty. Bd. of Educ.,* 526 U.S. 629 (1999).

61.    At all times relevant hereto and as early as 2001 Dekalb County School District was aware that in January, 2001, the U.S. Department of Education Office for Civil Rights (sometimes referred to as "O.C.R.") issued *Revised Sexual Harassment Guidelines: Harassment of Students by School Employees, Other Students, or Third Parties* ("2001 O.C.R. Guidance"), informing all U.S. Schools receiving Federal financial assistance, including Defendant Dekalb County School District, that "[p]reventing and remedying sexual harassment in schools is essential to ensuring a safe environment in which students can learn."   O.C.R. reminded schools that student-against-student sexual misconduct constitutes prohibited sexual harassment. O.C.R. also stated:

> "[S]chools need to ensure that employees are **trained** so that those with authority to address harassment know how to respond appropriately, and other responsible employees know that they are obligated to report harassment to appropriate school officials. Training for employees

should include practical information about how to identify harassment and, as applicable, the person to who it should be reported."

62.     At all times relevant hereto and as early as 2001 Dekalb County School District was aware that the 2001 O.C.R. Guidelines stated, with respect to student-against-student sexual harassment:

> "If a student sexually harasses another student and the harassing conduct is sufficiently serious to deny or limit the student's ability to participate in or benefit from the program, and if the school knows…about the harassment, the school is responsible for taking immediate effective action to eliminate the hostile environment and prevent its recurrence…[I]f, upon notice, the school fails to take prompt, effective action, the school's own inaction has permitted the student to be subjected to a hostile environment that denies or limits the student's ability to participate in or benefit from the school's program on the basis of sex."

63.     At all times relevant hereto and as early as 2006 Dekalb County School District was aware that in January 2006, O.C.R. issues *Dear Colleague Letter – Sexual Harassment Issues,* to the U.S. public schools, including Defendant Dekalb County School District, stating:

> "[u]nfortunately, a significant number of students are still subjected to sexual harassment, which can interfere with a student's education as well as his or her emotional and physical well-being."   O.C.R. reminded public schools, including the Dekalb County School District,

of the obligation "to take immediate and effective steps to end sexual harassment when it occurs, prevent its recurrence, and remedy its effects."

64.    At all times relevant hereto and as early as 2008 Dekalb County School District was aware that O.C.R. issued *Sexual Harassment: It's Not Academic*, reiterating that unwelcome student-against-student sexual touching is sexual harassment, and that sexual harassment includes rape, sexual assault, dating violence and sexually motivated stalking.

65.    At all times relevant hereto and as early as 2011 Dekalb County School District was aware that in April 2011 O.C.R. sent *Dear Colleague Letter: Sexual Violence* ("2011 O.C.R. Guidance")[2], to all U.S. public schools, including Dekalb County School District, issuing a "call to action" to the nation's schools because of "deeply troubling" data regarding school-place sexual violence. O.C.R. informed schools that:

> [d]uring the 2007-2008 school year, there were 800 reported incidents of rape and attempted rape and 3,800 reported incidents of other sexual batteries at public high schools."

The Guidance stated:

> "[a] number of different acts fall into the category of sexual violence,

___

[2] The U.S. Department of Education withdrew this *Dear Colleague Letter* on September 22, 2017. However, the statistics cited have not changed and the requirements set forth have not been formally revised or otherwise superseded the U.S. Department of Education.

> including rape, sexual assault, sexual battery, and sexual coercion. All
> such acts of sexual violence are forms of sexual harassment under Title
> IX."

While the foregoing statistics referred to public high schools, this *Dear Colleague Letter* served as further notice to all public schools that sexual harassment, including the examples provided, served to reenforce the need for public schools and their teachers and of students need for vigilance.

66.    At all times relevant hereto and as early as 2013 Dekalb County School District was aware that in April 2013 O.C.R. sent *Dear Colleague Letter: Retaliation* to all U.S. public schools, including Defendant Dekalb County School District, reminding them that they may not retaliate against students or parents who complain to a school about a civil rights violation like sexual discrimination.

67.    At all times relevant hereto and as early as 2015 Dekalb County School District was aware that in April 2015 O.C.R. sent *Dear Colleague Letter: Title IX Coordinators*, and issued a *Title IX Resource Guide*, to all U.S. public schools, including Defendant Dekalb County School District. O.C.R. reminded schools of their obligation to designate at least one employee as a Title IX Coordinator who is responsible for coordinating the school's efforts to comply with and carry out the school's Title IX responsibilities pursuant to 34 C.F.R. §106.8(a). O.C.R. stated:

> "In our enforcement work, O.C.R. has found that some of the most

> egregious and harmful Title IX violations occur when a recipient fails
> to designate a Title IX coordinator or when a Title IX coordinator has
> not been sufficiently trained or given the appropriate level of authority
> to oversee the recipient's compliance with Title IX."

While the foregoing refers to the designation and/or training of Title IX coordinators, and while there is no allegation at this time that such is the case with the Dekalb County School District, the *Dear Colleague Letter: Title IX Coordinators* served as further notice to all public schools, including the Dekalb County School District, that sexual harassment continues to be a considerable issue in our public schools.

68.    Prior to the incident described hereinabove, numerous authorities, including the U.S. Supreme Court and the U.S. Department of Education, made clear and gave notice to, among others, the Defendant Dekalb County School District, that it was responsible to and shall 'confront sexual harassment, including acts of sexual misconduct, bullying and hazing as set forth above, with regularity, given the high predictability, recurrence and prevalence of student-against-student sexual assaults and abuse in schools', therefore making it abundantly clear and foreseeable, and virtually inevitable, that it would likely encounter recurrent situations involving sexual abuse that would implicate and impose upon a student's Constitutional and federally protected rights.

69.    Upon information and belief, despite clear notice by the U.S. Supreme Court

and the U.S. Department of Education Office for Civil Rights regarding the obligations of all U.S. public schools, including the Dekalb County School District, the Dekalb County School District failed to prevent, and more likely than not failed to remediate the effects and opportunities of sexual harassment of its students.

70.    Upon information and belief, the Dekalb County School District failed to provide appropriate training and education to its administrators, executives, staff, other professionals and paraprofessionals, students, parents, and others.

71.    Paragraphs 57-68 demonstrate Dekalb County School District's knowledge and awareness of the need for public schools and their teachers of the need for vigilance.

72.    Dekalb County School District's lack of vigilance, and failure to appropriately monitor and supervise K.A. and adhere to the requirements of K.A.'s IEP, and Dekalb County School District's lack of supervision of K.A.'s assailant are demonstrative of the *deliberate indifference* of the Dekalb County School District.

73.    At all times relevant hereto, the Dekalb County School District had a policy or policies expressly prohibiting, among other things, bullying, harassing, or intimidating any student on school property or at school related functions. (See Board Policy on Bullying, Code JCDAG attached hereto as Exhibit "D")

74.    At all times relevant hereto, among other things of which the Dekalb County

School District was aware and prohibited were:

      (a)    verbal assaults such as unwanted teasing or name-calling;

      (b)    threats, taunts and intimidation through words and gestures;

      (c)    direct physical contact such as hitting or shoving;

      (d)    physical violence and/or attacks;

      (e)    public and social humiliation;

      (f)    the use of cameras or camera phones to take embarrassing photographs.

(See Exhibits "D" and "E")

75.    At all times relevant hereto, the Dekalb County School District had in effect a Code of Student Conduct (A copy of the Dekalb County School District Code of Student Conduct is attached hereto as Exhibit "F")

76.    Dekalb County School District's lack of vigilance, and failure to appropriately monitor and supervise K.A. and adhere to its own policies, procedures and publications as described in paragraphs 70-72 are demonstrative of the *deliberate indifference* of the Dekalb County School District.

77.    Defendant Dekalb County School District is not an arm of the state for purposes of immunity in part because the Georgia Tort Claims Act, O.C.G.A. § 50-21-20 et seq., explicitly excludes school districts from the Act's definition of "state".

78.    At all times relevant hereto, K.A. was lawfully on the premises and was an

invitee to said Premises.

## CAUSES OF ACTION

### COUNT ONE
### Negligence/Gross Negligence as to Dekalb County School District
### Violation of O.C.G.A. § 51-3-1
### Duty of Owner or Occupier of Land to Invitee

79.    Paragraphs 1 through 78 are adopted and incorporates as though fully and completely set forth herein.

80.    O.C.G.A. § 51-3-1 states:

>    Where an owner or occupier of land, by express or implied invitation, incudes or leads others to come upon his premises, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

81.    At all times relevant hereto, Defendant Dekalb County School District, as the owner/occupier/operator of the Premises, owed a non-delegable duty to exercise ordinary care to K.A., as well as all of the students attending Lithonia Middle School, to keep the premises safe from reasonably foreseeable, unlawful acts on the Premises.

82.    Dekalb County School District, as the owner/occupier/operator of the Premises, breached its non-delegable duty to exercise ordinary care in keeping the premises.

83.    By and through Dekalb County School District's negligence/gross negligence

and deliberate indifference to consequences, and including the negligence/gross negligence and deliberate indifference of Dekalb County School District's administrators, executives, teachers, and other licensed professionals and para-professionals, K.A. suffered and continues to suffer injuries for which she is entitled to recover, including but not limited to her past, present and future physical and psychological pain, suffering and impact on her impairment; her past, present and future medical, counseling, and other costs and expenses for medical and psychological care and treatment related to such injuries; and for a marred educational opportunity and an impaired educational capacity.

## COUNT TWO

### Gross Negligence as to
### Defendant Dekalb County School District and
### John/Jane Does Nos. 1-3

84.    Paragraphs 1 through 83 are adopted and incorporates as though fully and completely set forth herein.

85.    At all times relevant hereto Defendant Dekalb County School District, including its administrators, executives, teachers, and paraprofessionals, and specifically to include John/Jane Does Nos. 1-3, had a responsibility to oversee, monitor, supervise and assist K.A., as well as other similarly situated students, particularly including those with known disabilities.

86.     Defendant Dekalb County School District, including its administrators, executives, teachers and para-professionals, and specifically to include John/Jane Does Nos. 1-3, were negligent/grossly negligent by failing to properly monitor and supervise K.A. resulting in her (K.A.) becoming "missing" and "not in her classroom" and 'not able to be located'.

87.     As a direct consequence of Defendant Dekalb County School District's, Defendant Dekalb County School District, including its administrators, executives, teachers, and paraprofessionals, and specifically to include John/Jane Does Nos. 1-3 having a responsibility to monitor and assist K.A., K.A. was sexually assaulted.

88.     As a direct cause and consequence of the actions and inactions of Defendant Dekalb County School District, including its administrators, executives, teachers and para-professionals, and specifically to include John/Jane Does Nos. 1-3, K.A. has suffered and continues to suffer from the injuries she incurred on February 28, 2024 for which she is entitled to recover; such damages to include but not be limited to are her (K.A.'s) past, present and future physical and psychological pain, suffering and aggravation to her impairment; her past, present and future medical and counseling bills, and all other costs and expenses she has or will have for future medical and psychological care and treatment causally related to the February 28, 2024 sexual assault; and for a marred educational opportunity and an impaired

educational capacity.

## COUNT THREE

### Gross Negligence as to
### Defendant Dekalb County School District
### Negligent Hiring, Training and Supervision

89.    Paragraphs 1 through 88 are adopted and incorporates as though fully and completely set forth herein.

90.    At all times relevant hereto, Defendant Dekalb County School District had policies, procedures and practices regarding (i) bullying; (2) harassment (including sexual harassment and assault); and (3) adherence to duties and obligations required by IEPs.

91.    At all times relevant hereto, Dekalb County School District was aware of numerous acts of harassment, sexual harassment and assaults of students at various of its public-school locations and the need for vigilance and awareness with respect to potential dangers associated with inappropriate student-on-student behavior and the need for heightened awareness in the monitoring and caring for students with disabilities, including those with IEP's.

92.    At all times relevant hereto, Defendant Dekalb County School District was a policy maker and administrator having a duty to properly train and supervise those under its control, and as such, failed to properly or sufficiently train its

administrators, executives, staff, teachers, parents and students about sexual abuse, bullying, hazing and harassment, to include student-on-student and teacher-on-student sexual and discriminatory misconduct.

93.     At all times relevant hereto, Defendant Dekalb County School District had policies, procedures, and practices in place with respect to the hiring, training and supervision of its' teachers, paraprofessionals, and others responsible for overseeing and monitoring students with disabilities, to include those with IEPs.

94.     Overseeing and properly monitoring students, particularly those with disabilities, IEPs, and Section 504 Plans, and ensuring compliance with IEPs, Section 504 Plans and other policies set forth in Dekalb County School District's polices are mandatory functions and not subject to discretionary conduct.

95.     Defendant Dekalb County School District, itself and by and through the conduct of those in its employ having a responsibility to properly train, ensure proper training, and supervise teachers, para-professionals and others responsible for overseeing and monitoring of students with disabilities and IEPs, were negligent/grossly negligent and *deliberately indifferent* to consequences when it failed to properly train, ensure proper training, and supervise its teachers, para-professionals and others responsible for overseeing and monitoring of students with disabilities and IEPs, including K.A.

96.    As a direct consequence of Defendant Dekalb County School District's conduct, actions and inactions as described and set forth herein, including the conduct, actions and inactions of its administrators, executives, teachers and para-professionals having a direct responsibility to monitor and assist K.A.; K.A. has suffered and continues to suffer from the injuries she incurred on February 28, 2024 for which she is entitled to recover.

97.    K.A.'s damages include, but are not limited to her past, present and future physical and psychological pain, suffering and aggravation to her impairment; her past, present and future medical and counseling bills, and all other costs and expenses she incurs for future medical and psychological care and treatment causally related to the February 28, 2024 sexual assault; and for a marred educational opportunity and an impaired educational capacity to be shown with certainty at trial.

## COUNT FOUR

### Defendant Dekalb County School District's
### Violation of Title IX of the Educational Amendments of 1972

98.    Paragraphs 1 through 97 are adopted and incorporates as though fully and completely set forth herein.

99.    The Dekalb County School District is an "educational program or activity receiving Federal financial assistance..." within the meaning of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681(a) (hereinafter "Title IX").

100.   The School District, by and through its Board of Education, established, operated, and maintained a public-school system for school-age children of Dekalb County Georgia.

101.   Title IX of the Education Amendment of 1972 ("Title IX"), 20 U.S.C. § 1681(a) states:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance....

102.   Title IX's broad prohibition against sexual discrimination also includes *sexual harassment, bullying and hazing*.

103.   Title IX of the Educational Amendments of 1972 was intended to benefit students, including students with disabilities like K.A.

104.   Title IX of the Educational Amendments of 1972 provides clear civil rights, which are not amorphous or vague, to students like and including K.A., to a safe school environment, free from discrimination, harassment, sexual harassment, intimidation, and bullying, including the sexual abuse suffered by K.A. as described and set forth hereinabove. Sexual harassment, including any form of sexual abuse, bullying or mistreatment is a form of unlawful sexual discrimination that can violate the Equal Protection Clause of the 14th Amendment to the United States

Constitution.

105.   At all times relevant hereto, Defendant Dekalb County School District was aware of multiple acts of misconduct and sexual abuse of students in teacher-on-student and student-on-student assaults and abuses and, at the time of the incident described in this complaint, was *deliberately indifferent* to the consequences of failing to properly or sufficiently train its administrators, executives, staff, teachers, parents and students about sexual abuse, bullying, hazing and harassment, to include student-on-student and teacher-on-student sexual and discriminatory misconduct and further failed to properly or sufficiently train such individuals in identifying, investigating, reporting and remedying the effects/effects of such abuses as described hereinabove.

106.   At all times relevant hereto, the Superintendent of Schools of the Dekalb County School District, had the authority and the ability to take corrective measures in response to notice, including constructive notice, of inappropriate conduct involving students attending the Lithonia Middle School and to take all reasonable measures to alert its employees, students and parents of the Dekalb County School District, including those of the Lithonia Middle School, of the possibility, in fact likelihood, of inappropriate and violative conduct by students involved in incidents of sexually assaulting, bullying and hazing of students; thereby exhibiting a

deliberate indifference to such inappropriate and illegal conduct.

107.   Title IX provides that recipients, including Defendant Dekalb County School District, with notice of *sexual harassment, bullying and hazing* must take all reasonable measures to stop such discriminatory conduct.

108.   Title IX provides that a plaintiff (or aggrieved victim) of *sexual harassment, bullying and hazing* has an implied right of action under Title IX against a school district in cases of student-on-student *sexual harassment and bullying* if: (1) the school district knew about and was *deliberately indifferent to it;* and (2) the harassment, discriminatory conduct or bullying was found to be severe, pervasive and objectively offensive so as to deprive such plaintiff (or aggrieved victim) access to the educational opportunities or benefits provided by the school.

109.   In the action and conduct as described above and to be shown with additional certainty at trial, the misconduct complained of occurred, in whole or in part, during school; in whole or in part on school grounds; and took place, in whole or in part under an operation of the school district.

110.   At all times relevant hereto, the district retained substantial control over the conduct during which the harassment occurred, or in the alternative was minimally allowed to occur, given that the district exercised considerable or significant control over the harasser/assailant/student.

111. By and through the conduct as set and described above, the district demonstrated a blatant disregard to circumstances causing, or minimally allowing or contributing to the disrespectful, harmful injurious conduct on the part of the harasser/assailant/student.

112. At all times relevant hereto, the district failed to appropriately respond to known dangerous conditions and known propensities of the harassing/assailant/student.

113. As a direct consequence of the conduct and circumstances as set forth above, K.A.'s rights under Title IX were violated when she suffered a sexual assault while in the care of and under the supervision of Lithonia Middle School teachers and paraprofessionals.

114. Defendant Dekalb County School District failed to adhere to its obligations under Title IX and is therefore liable to K.A. under Title IX for damages in such amount that will compensate her for any special damages incurred and are likely to continue to be incurred as a result of Defendant Dekalb County School District's violations of Title IX, to include any special damages associated with any loss of educational opportunities or diminished capacity to earn.

115. Defendant Dekalb County School District, through its' conduct, actions and inactions, and by and through the conduct, actions and inactions of its employees, to

include the administrators, executives, staff, teachers, para-professionals and other employees of the Dekalb County School District, and more specifically those assigned to the Lithonia Middle School, failed to adequately train such administrators, executives, staff, teachers and others employees and thereby failed in its duty of prohibiting or discouraging foreseeable misconduct despite its knowledge of clearly established and well-known dangers of sexual harassment, assault, battery, hazing, and bullying as well as other acts of violence faced by students in U.S. public schools and thereby was deliberately indifferent to the consequences thereof.

116. Defendant Dekalb County School District was deliberately indifferent, reckless, and displayed a callous indifference to K.A.'s federally protected rights.

117. As a direct and proximate consequence and result of the negligence of the Dekalb County School District, including its negligence and *deliberate indifference*, to include the negligence and deliberate indifference of at least one, and upon reasonable belief more than one of its mandatory reporters, administrators, executives, teachers, and/or para-professionals, K.A. was caused to suffer virtually immeasurable physical and emotional damages from which she is likely to continue to suffer long into the future as well as caused to suffer an impairment to her educational opportunities and an impact on her ability to earn and provide for herself.

## COUNT FIVE

### Violation of Section 504 of the Rehabilitation Act of 1973 as to Defendant Dekalb County School District

118.   Paragraphs 1 through 117 are adopted and incorporates as though fully and completely set forth herein.

119.   Section 504 of the Rehabilitation Act of 1973, codified as 29 U.S.C. §794, prohibits disability-based harassment and bullying of individuals, including not only individuals with visible disabilities, but also those with disabilities that may not be apparent harassment, by peers that is sufficiently serious to deny or limit a student's ability to participate in or benefit from a school's education programs and activities.

120.   At all times relevant hereto, Defendant Dekalb County School District knew K.A. was a student with disabilities; that K.A. was autistic and not capable of fully articulating situation; was a potential target of acts of harassment and bullying; and was aware of multiple prior acts of bullying, assault, and harassment of students.

121.   Defendant Dekalb County School District failed to adhere to its obligations under Section 504 of the Rehabilitation Act of 1973 and is therefore liable to K.A. under Section 504 of the Rehabilitation Act of 1973 for damages in such amount that will compensate her for any special damages incurred and which are likely to continue to be incurred as a result of Defendant Dekalb County School District's violations of Section 504, to include any special damages associated with any loss

of educational opportunities or diminished capacity to earn.

## COUNT SIX

**Violation of 42 U.S.C. § 1983**
**as to Defendant Dekalb County School District**

122.   Paragraphs 1 through 121 are adopted and incorporated as though fully and
completely set forth herein.

123.   42 U.S.C. § 1983 states:

>    Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity...

124.   At all times relevant hereto, K.A. had a liberty interest in her bodily integrity
that was protected by the Due Process Clause of the Fourteenth Amendment to the
United States Constitution.

125.   At all times relevant hereto, there were laws, rules, regulations, policies, and
procedures, promulgated by federal and state laws, policies, and procedures
applicable to the Dekalb County School District, by and through laws, policies, and
procedures, failure to adhere to such caused emotional harm to K.A.

126.   Dekalb County School District's failure to adhere and properly respond to such laws, rules, regulations, policies, and procedures, promulgated by both federal and state laws, policies, and procedures, caused both physical and emotional harm to K.A.

127.   The conduct described herein and to be shown with additional clarity and certainty at trial, demonstrated K.A.'s being deprived of her liberty interests in her bodily integrity in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

128.   The conduct described herein and to be shown with additional clarity and certainty at trial, demonstrate Defendant Dekalb County School District's failure to take minimal precautions to safeguard the bodily integrity of K.A. and other students attending Lithonia Middle School, particularly those with disabilities who have Individualized Educational Plans in place to ensure their success and safety allowed and elevated the opportunity for sexual assaults and harm to occur as to K.A..

129.   The Dekalb County School District, by and through the conduct of its employees, including teachers, administrators and staff working at the Lithonia Middle School, failed to properly supervise K.A., a students who required extra supervision, and a student with an Individualized Educations Plan designed by Dekalb County School District to provide for her success and safety, and despite its knowledge of well-known federally protected civil rights and state laws applicable

to such students, failed to act appropriately, was negligent and was deliberately indifferent to the consequences of its actions and inaction.

130.   The School District is liable to Plaintiff under 42 U.S.C. § 1983 for damages in such amount as will compensate K.A. for the physical, emotional, mental, and educational injuries she has suffered and will likely continue to suffer long into the future.

## COUNT SEVEN

### 42 U.S.C. § 1988
### as to Defendant Dekalb County School District

131.   Paragraphs 1 through 130 are adopted and incorporated as though fully and completely set forth herein.

132.   The School District is liable to K.A. under 42 U.S.C. § 1988 for reasonable attorney's fees, including expert fees, as part of the costs in this action.

## DAMAGES APPLICABLE TO ALL COUNTS

133.   Paragraphs 1 through 116 are adopted and incorporated as though fully and completely set forth herein.

134.   While the Dekalb County School District alleges or maintains it is committed to promoting and impacting student academic and educational success, leading to extended levels of education, and training, resulting in continued life-long learning, it failed in its' duties owed to K.A. resulting in physical, emotional and mental harm, pain and suffering and has impacted K.A.'s educational opportunities causing her to

suffer the impact of her injuries long into the future.

135.  As a direct and proximate result of the conduct, actions and inactions of Defendant Dekalb County School District, and of the *deliberate indifference* to consequences and violation of K.A.'s clearly established Georgia, Constitutional and federally protected rights, K.A. suffered and continues to suffer injuries for which she is entitled to recover, including, but not limited to:

(a)  Past, present and future physical and psychological pain, suffering and impairment with respect to the injuries she incurred on February 28, 2024;

(b)  Past, present and future medical bills, counseling, and other costs and expenses for medical and psychological care and treatment;

(c)  A marred educational opportunity and impaired educational capacity and future earning capacity;

(d)  Attorney's fees and other costs of litigation.

136.  In addition to any damages not clearly set forth in the immediately above, Shanese Mignott as the natural parent, guardian, and Next Friend of K.A. and on behalf of K.A., seeks all attorney's fees and expenses under 42 U.S.C. § 1988.

**WHEREFORE,** Shanese Mignott as the natural parent, guardian, and Next Friend of K.A. as the natural parent, guardian, and Next Friend of K.A. and on behalf of K.A., respectfully requests and prays for judgment against Defendant Dekalb County School District as follows:

(a)  For special and compensatory damages incurred for the past, present

and future medical expenses of K.A., to include all expenses proven with certainty at trial;

(b)    For general damages for K.A.'s past, present and future psychological and emotional injuries to be awarded in accordance with the enlightened conscience of impartial jurors at trial;

(c)    For attorney's fees and expenses under 42 U.S.C. § 1988;

(d)    For trial by jury; and

(e)    For such other and further relief as this Court deems just and proper.

Respectfully submitted this 6th day of August 2024.

ISENBERG & HEWITT, P.C.

*/s/ Melvin L. Hewitt, Jr.*
Melvin L. Hewitt, Jr.
Georgia Bar No. 350319
Ryan L. Isenberg
Georgia Bar No. 384899

1200 Altmore Avenue, Suite 120
Sandy Springs, Georgia 30342
T 770 351 4400
F 770 828 0100
mel@isenberg-hewitt.com
ryan@ihlaw.us